COLORADO STATE CHIROPRACTIC SOCIETY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colorado State Chiropractic Soc. v. Commissioner
Docket No. 17702-88X.
United States Tax Court
T.C. Memo 1989-8; 1989 Tax Ct. Memo LEXIS 8; 56 T.C.M. (CCH) 1018; T.C.M. (RIA) 89008; January 9, 1989; As amended January 18, 1989 Larry D. Harvey, for the petitioner. Bruce A. Anderson, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined that petitioner qualified for exemption from Federal income tax under section 501(a)[1] as an organization described in section 501(c)(3) effective July 15, 1983, and as an organization described in section 501(c)(6) for *10 periods prior to that date. Petitioner has challenged respondent's determination, as it relates to the period prior to July 15, 1983, by invoking the jurisdiction of this Court for a declaratory judgment pursuant to section 7428. This case is now before us on petitioner's motion to supplement the administrative record with evidence not previously contained therein. The issue is whether petitioner has shown "good cause," within the meaning of Rule 217(a), for the introduction of such evidence. FINDINGS OF FACT Some facts have been stipulated. The stipulation of facts and the exhibits attached thereto are included herein by this reference. Colorado State Chiropractic Society ("petitioner") was organized as a non-profit corporation on April 16, 1979, when its articles of incorporation were filed with the Colorado Secretary of State. At some time thereafter, petitioner realized that it had failed to apply for recognition from respondent that petitioner was an organization exempt from Federal income taxation. To *11 cure such oversight, petitioner filed an Application for Recognition of Exemption Under Section 501(a) ("Form 1024") with respondent on November 15, 1982. On such Form 1024, petitioner indicated that it was applying for exemption under section 501(c)(6), as a "Business League, Chamber of Commerce, etc." ("501(c)(6) status"). On April 4, 1983, respondent granted petitioner its requested 501(c)(6) status effective from the date of petitioner's incorporation, April 16, 1979. After being granted 501(c)(6) status, petitioner came to realize that it would be more desirable to instead be granted exempt status under section 501(c)(3) ("501(c)(3) status"). [2] However, petitioner also realized that, under section 508[3] and the regulations promulgated thereunder [4] , an application for 501(c)(3) status would not then be timely for purposes of receiving 501(c)(3) status retroactive to the date of petitioner's incorporation. By letter dated September 27, 1983, petitioner requested that respondent grant petitioner relief under section 1.9100-1, Income Tax Regs., [5] ("section 1.9100 relief"), whereby petitioner would be allowed additional time within which to file *12 an Application for Recognition of Exemption Under Section 501(c)(3) ("Form 1023"), and have that status apply retroactive to the date of its incorporation. *13 On October 12, 1983, subsequent to applying for section 1.9100 relief, petitioner filed a Form 1023. That form was returned to petitioner, however, on October 18, 1983, as it was incomplete. Petitioner later completed the Form 1023 and resubmitted the same to respondent on November 3, 1983. Subsequently, petitioner received an undated letter from respondent which stated that, because respondent's District Office did not have authority to grant petitioner's request for section 1.9100 relief, respondent intended to submit such request to its National Office for technical advice, in accordance with the procedures prescribed by Revenue Procedure 1980-26. For reasons not in the record, petitioner's request for section 1.9100 relief was not so forwarded to respondent's National Office until much later. The circumstances of that later referral are discussed below. With respect to petitioner's application for 501(c)(3) status, respondent proposed, by letter dated December 14, 1984, to continue petitioner's 501(c)(6) status, and to deny petitioner its requested 501(c)(3) status. On January 11, 1985, petitioner filed a protest to such proposed determination. After additional *14 communication between petitioner and respondent, including petitioner's supplementation of its protest on April 1, 1985, petitioner's case was referred to respondent's appeals office for consideration. On June 13, 1986, respondent's appeals office issued a determination pursuant to which petitioner was granted 501(c)(3) status effective July 15, 1983, and 501(c)(6) status for all prior periods. On December 4, 1986, in response to the June 13, 1986, determination, petitioner revived its request for section 1.9100 relief by filing with respondent's Assistant Commissioner of the National Office, Technical Division, a request that the matter be considered by that office. Petitioner's request for section 1.9100 relief was referred back to respondent's Dallas, Texas, district office, however, for purposes of having the request reduced to a format proper for National Office consideration. On January 30, 1987, respondent's Dallas district office's Exempt Organizations' Technical Staff wrote petitioner that it intended to seek the National Office's technical advice with regard to "whether [petitioner] qualifies for relief from the notice requirements of Code section 508 by virtue of *15 the provisions of section 1.9100 of the Regulations, thereby making [petitioner's] exemption under section 501(c)(3) effective to the date of petitioner's incorporation, April 16, 1979," rather than to June 15, 1983. Further, respondent also asked petitioner several questions concerning the submission of the case for technical advice, including, in particular: "Do you agree with the facts that will be used for the basis of the decision? You may submit an additional statement of facts if you wish." In response to such question and directive, petitioner replied, in a letter dated February 24, 1987, as follows: [Petitioner] agrees with the facts as stated and, as indicated in your letter, the taxpayer desires to supplement those facts by the statements contained in the taxpayer's Request for [section 1.9100] Retroactive Relief by incorporating those statements therein to the submission to the National Office for Technical Advice. We would also ask that the Protest filed by the taxpayer concerning its original Request for 501(c)(3) Status, as well as all other communications from the taxpayer, be forwarded to the National Technical Office. On May 21, 1987, petitioner *16 sent a letter notifying respondent that petitioner wished to have a conference with the officer handling the appeal at the National Technical Office level. On April 13, 1988, without granting petitioner a conference, respondent's National Office sent a final determination letter to petitioner indicating that petitioner would be granted 501(c)(6) status for periods prior to June 15, 1983, and 501(c)(3) status for periods thereafter. In response to such determination, on July 11, 1988, petitioner filed its Petition for Declaratory Judgement herein. Subsequently, on September 26, 1988, petitioner filed a motion to supplement the administrative record. It is with respect to this motion that respondent here takes exception. The evidence which petitioner seeks to introduce consists of a two page undated and unsigned affidavit by Dr. Duchaine, one of petitioner's founders ("Duchaine Affidavit"). The subject matter of the Duchaine Affidavit concerns the circumstances surrounding the founding of petitioner, and the failure of petitioner's founders, and/or the counsel they employed, to timely file a proper application for 501(c)(3) status. The Duchaine Affidavit merely summarizes what *17 is in the administrative record. OPINION The issue before us is whether petitioner has shown "good cause," within the meaning of Rule 217(a), for the introduction of the Duchaine Affidavit into the administrative record of this case. That Rule, in relevant part, provides: Disposition of an action for declaratory judgement * * * will ordinarily be made on the basis of the administrative record, as defined in Rule 210(b)(11). [6] Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined. * * * [Emphasis added; Rule 217(a).] *18 Petitioner asserts that it had a right to a conference at the National Office level when its request for section 1.9100 relief was forwarded there for technical advice on May 15, 1987. Petitioner argues that such right to a conference is expressed in Revenue Procedure 1980-26, 1980-1 C.B. 671, and the Federal regulations cited therein. Further, petitioner asserts that the only reason the Duchaine Affidavit was not previously made part of the administrative record is because petitioner was improperly denied the National Office conference it had requested on numerous occasions, and because petitioner was thereby improperly denied its opportunity to make it part of the record at that conference. Respondent argues that petitioner has failed to make a "good cause" showing for the admission of the Duchaine Affidavit. In so arguing, respondent asserts that whether petitioner is afforded a conference at the National Office level is entirely within respondent's discretion. Further, respondent asserts that, even if such conference were not within its discretion, the denial of such conference to petitioner is not the reason the Duchaine Affidavit is not now part of the administrative *19 record. In this regard, respondent points out that almost five years have elapsed, between petitioner's initial request for 501(c)(3) status and the National Office's ultimate adverse determination, during which the Duchaine Affidavit could have been made part of the administrative record by petitioner. We agree with respondent. The reason petitioner here expounds for its failure to previously make the Duchaine Affidavit part of the administrative record -- i.e., that petitioner was denied an allegedly mandatory opportunity to present the same at a National Office conference concerning the applicability of section 1.9100 relief -- is not a showing of good cause within the meaning of section 217(a). Petitioner's completed application for section 501(c)(3) status, its Form 1023, was initially submitted to respondent on November 3, 1983. Respondent issued a final determination concerning petitioner's Form 1023 more than 31 months later, on June 13, 1986. At any time during such 31 month period, petitioner could have sent the Duchaine Affidavit to respondent with a request that it be made part of the administrative record and, in accordance with the definition of such record *20 under Rule 210(b)(11), the Duchaine Affidavit would have automatically been included within petitioner's administrative record. Further, petitioner effectively extended the period within which the administrative record could have been supplemented even further when petitioner revived its request for section 1.9100 relief on December 4, 1986. Pursuant to such request, on January 30, 1987, petitioner was again offered an opportunity "to submit an additional statement of facts." Moreover, petitioner took advantage of such opportunity by requesting that the facts presented to the National Office for consideration of the collateral, section 1.9100 relief issue include the entire administrative record as such existed as of February 27, 1987. Under the facts of this case, we do not understand how petitioner can allege that the only reason the Duchaine Affidavit is not now part of the administrative record is because respondent denied petitioner yet another opportunity to present such evidence at a National Office conference. This is especially true when such evidence has always been in petitioner's possession. Any failure to make the Duchaine Affidavit part of the administrative *21 record lies with the petitioner. Respondent cannot be faulted for the exclusion of the evidence in question, even if we were to assume, arguendo, that the conference petitioner requested with the National Office should have been granted petitioner as a matter of right. [7]
Because petitioner bears the responsibility for failing to make the Duchaine Affidavit part of the administrative record, we find that petitioner has failed to show good cause to justify its inclusion at this stage in the proceedings. For the foregoing reasons, Petitioner's Motion will be denied.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The relative advantages petitioner would enjoy under section 501(c)(3) as opposed to section 501(c)(6)↩ are irrelevant for purposes of this opinion. 3. Section 508 provides in relevant part: (a) * * * an organization organized after October 9, 1969, shall not be treated as an organization described in section 501(c)(3) -- (1) unless it has given notice to the Secretary, in such manner as the Secretary may by regulations prescribe, that it is applying for recognition of such status, or (2) for any period before the giving of such notice,if such notice is given after the time prescribed by the Secretary by regulations for giving notice under this subsection. [Sec. 508(a)↩.] 4. Section 1.508-1(a)(2), Income Tax Regs., provides in relevant part: an organization seeking exemption under section 501(c)(3) must file the notice described in section 508(a)↩ within 15 months from the end of the month in which the organization was organized. * * * Such notice is filed by submitting a properly completed and executed Form 1023, Exemption Application. Notice should be filed with the district director. A request for extension of time for the filing of such notice should be submitted to such district director. Such request may be granted if it demonstrates that additional time is required. 5. Section 1.9100-1, Income Tax Regs., provides in relevant part: (a) In general. The Commissioner in his discretion may, upon good cause shown, grant a reasonable extension of the time fixed by the regulations in this chapter for the making of an election or application for relief in respect of tax under subtitle A of the Code provided -- (1) The time for making such election or application is not expressly prescribed by law; (2) Request for the extension is filed with the Commissioner before the time fixed by the regulations for making such election or application, or within such time thereafter as the Commissioner may consider reasonable under the circumstances; and (3) It is shown to the satisfaction of the Commissioner that the granting of the extension will not jeopardize the interests of the Government.↩
6. Rule 210(b)(11), in relevant part, provides: "Administrative record" includes the request for determination, all documents submitted to the Internal Revenue Service by the applicant in respect of the request for determination, all protests and related papers submitted to the Internal Revenue Service, all written correspondence between the Internal Revenue Service and the applicant in respect of the request for determination or such protests, all pertinent returns filed with the Internal Revenue Service, and the notice of determination by the Commissioner. In addition -- * * * (ii) In the case of a determination relating to an exempt organization or a private foundation or a private operating foundation, the administrative record shall include the charter or articles of incorporation or association, or trust indenture or agreement, and any similar or related documents of the organization and any modifications thereof.↩
7. Since it is not necessary for the purposes of decision, we express no opinion with respect to whether petitioner, in fact, was entitled to a conference as a matter of right.↩